NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0970n.06
Filed: December 14, 2005

No. 05-5019

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LINDA G. STAPLES,                                    )
                                                     )       ON APPEAL FROM THE
      Plaintiff-Appellant,                           )       UNITED STATES DISTRICT
                                                     )       COURT FOR THE WESTERN
      v.                                             )       DISTRICT OF TENNESSEE
                                                     )
COMMISSIONER OF SOCIAL SECURITY,                     )
                                                     )
      Defendant-Appellee.                            )
_____              )


BEFORE:  MARTIN, GIBBONS, and GRIFFIN, Circuit Judges.

      PER CURIAM.

      Plaintiff Linda G. Staples appeals an order of the district court affirming the denial of social security disability benefits.  We affirm.

      In October 2000, at age 34, Staples applied for disability insurance benefits under the Social Security Act, citing osteoarthritis, bulging vertebral disks, degenerative joint disease, diabetes mellitus, diabetic neuropathy, fibromyalgia, irritable bowel syndrome, spinal cord deterioration, and migraine headaches.  She alleged that she was disabled as of March 2000, and her last date insured was June 30, 2000.  The Social Security Administration ("SSA") denied her claim in January 2001 and denied her request for reconsideration in April 2001.  After a June 2001 hearing at which Staples and her husband testified, an Administrative Law Judge ("ALJ") found in October 2002 that Staples

was not disabled during her insured period. When the SSA Appeals Council denied review in April 2003, the ALJ's decision became the Commissioner's decision. 20 C.F.R. § 404.981.

Staples appealed to the United States District Court for the Western District of Tennessee, which affirmed the ALJ's determination in 2004. Staples appeals, claiming that the ALJ's decision was not supported by substantial evidence in the record. She also contends that the district court erred in denying her request to remand the case for the agency to consider new material evidence.

"This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner*, 375 F.3d at 390 (citing *Kirk v. Sec'y of HHS*, 667 F.2d 524, 535 (6th Cir. 1981)) (internal quotation marks omitted). If substantial evidence supports the Commissioner's decision, this Court will defer to that determination "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Warner*, 375 F.3d at 390 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

As to disability, we conclude that there is substantial evidence in the record to support the determination that Staples had the residual functional capacity to perform her past relevant work. In regard to the request to remand, we conclude that Staples' new evidence is immaterial: test results and doctor's notes from fall 2001, back surgeries that she had in 2003, and her mental

impairments in 2003, have little or no probative value as to her condition during the insured period

of March-June 2000.[1]  Moreover, Staples had two opportunities to supplement the record and could

have submitted the fall 2001 test results and doctor's notes then:  after the June 2001 hearing but

before the ALJ's October 2002 decision, and when she sought review from the Appeals Council in

late 2002.

After reviewing the record, the parties' briefs, and the applicable law, this Court determines

that a panel opinion further addressing the issues raised would serve no jurisprudential purpose.  We

therefore affirm the district court's decision for the reasons stated in that court's opinion.

Affirmed.

---

[1]We conclude only that Staples' proposed new evidence is immaterial to the question of whether she was disabled *during the insured period discussed herein*.  We intimate no opinion as to whether this evidence might be material to the question of whether Staples was disabled at some later time.  That question could arise if Staples applies for Social Security disability benefits for some later period of alleged disability.  *See, e.g., Moore v. Barnhart*, No. 03-3253, 114 F. App'x 983, 984 (10th Cir. Nov. 19, 2004) (after SSA Appeals Council upheld denial of benefits for period November 1994 through March 1998, plaintiff filed new application based on claim that she was disabled from March 1998 onward, and SSA granted the new application).